■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered July 30, 1987, convicting him of robbery in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.),

rendered October 7, 1987, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the sufficiency of his plea allocution has not been preserved for appellate review since he did not move to withdraw his plea prior to sentencing *(see, People v Pellegrino,* 60 NY2d 636). Moreover, we reject the defendant's contention that his conviction of robbery in the first degree should be reduced to robbery in the second degree and the matter remitted for resentencing based upon certain misstatements made by both the court and the clerk at sentencing which indicated the defendant, a predicate felon, had pleaded guilty to robbery in the second degree. The record is abundantly clear that the defendant knew at the time his guilty plea was entered as well as at sentencing that he had pleaded guilty to robbery in the first degree. Moreover, the defendant's factual allocution at the plea hearing clearly established the elements of robbery in the first degree and the imposed sentence was within the permissible limits for robbery in the first degree *(see,* Penal Law § 70.04). In view thereof, the defendant's argument that the misstatements by the court and clerk warrant a reduction in his robbery conviction is clearly without merit. Mollen, P. J. Lawrence, Kooper and Harwood, JJ., concur.